IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TROY D. NEWTON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| NATIONAL WARRANTY OF FLORIDA, INC.; LYNDON PROPERTY INSURANCE CO., INC.; CHRIS CHISM; CENTRO INSPECTION AGENCY; RONALD BECKER; et al., | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

CIVIL ACTION NO. CV-2:05-CV-1126W

**DEFENDANTS' MEMORANDUM BRIEF IN SUPPORT
OF JOINT MOTION TO DISMISS RONALD J. BECKER
& CENTRO INSPECTION AGENCY**

COMES NOW, Defendants Ronald J. Becker and Centro Inspection Agency (referred to collectively as "Defendants") and submit this Memorandum Brief in support of their Motion to Dismiss.

**INTRODUCTION**

Plaintiff purchased a warranty agreement in 2003 from National Warranty to cover a used motor home. (Complaint, ¶ 8, attached as Exhibit 1). He filed a claim on this policy in 2004 with National Warranty. (*Id.* ¶¶ 12-13). Mr. Becker, a self-employed inspector who resides in Alabama, was hired by Centro Inspection Agency ("CIA"), a third party, to inspect Plaintiff's motor home regarding this claim. (Affidavit of Ronald J. Becker, ¶¶ 1 and 3, attached as Exhibit 2; Exh. 1, Complaint, ¶ 5). After Mr. Becker's

{B0550375}

report was submitted, Plaintiff's claim was denied, which prompted the filing of this action. (Exh. 1, Complaint, ¶ 16).

Plaintiff asserts two causes of action against Defendants. The first is for bad faith, and the second is for negligent handling of an insurance claim. (*Id.* ¶¶ 25-29, 33-35). Neither of these claims (or any of the other claims listed in the complaint but directed against other Defendants) are viable against these Defendants. Plaintiff obviously included Mr. Becker as a Defendant solely for the purpose of avoiding removal to federal court. Both the Plaintiff and Mr. Becker are Alabama residents. (*Id.* ¶¶ 1, 6; Exh. 2, Becker Affidavit, ¶ 1). No other Defendant is an Alabama resident. (*See* Exh. 1, Complaint, ¶¶ 2-5). Therefore, Mr. Becker's inclusion as a Defendant would destroy diversity among the parties. (*See* Defendants' Notice of Removal, filed on November 23, 2005). However, it is clear that neither Mr. Becker nor CIA is a proper party to this action, and the claims against them should be dismissed with prejudice.

Defendants were not a party to the Recreational Vehicle Service Agreement. In addition, Defendants did not process or adjudicate Plaintiff's claim under that agreement. It is undisputed that CIA is an inspection agency and not an insurance company. (Exh. 1, Complaint ¶¶ 5, 14). It is also undisputed that CIA was hired, as an independent agnecy, by National Warranty of Florida, Inc. ("National Warranty") to inspect Plaintiff's vehicle. (*Id.*).

Contrary to the allegations in the Complaint, Mr. Becker is an independent contractor and not an employee or agent of CIA. (Exh. 2, Becker Affidavit, ¶¶ 3, 7; *contra* Exh. 1, Complaint, ¶¶ 6, 15). He was hired by CIA to inspect and determine the

2

{B0550375}

cause of engine failure in Plaintiff's motor home.  (Exh. 2, Becker Affidavit, ¶ 3).  Mr. Becker only inspects vehicles; he does not process insurance claims or make any determinations regarding a policyholder's claim.  (*Id.* ¶ 6).  He inspected Plaintiff's motor home on August 9, 2004 and August 31, 2004.  (*Id.* ¶ 4).  He then submitted his reports to CIA.  (*Id.*).

## ARGUMENT

### 1. Defendants Are Not Liable For Bad Faith Since They Were Not A Party To The Insurance Contract In Question.

Plaintiff's claim for bad faith is due to be dismissed, because Defendants did not owe or breach a duty of good faith to Plaintiff.  The Complaint alleges that Defendants "had a duty imposed by law to exercise good faith and fair dealing in the performance of the contractual obligations under the terms of the aforesaid policy of insurance."  (Exh. 1, Complaint, ¶ 26).  In Alabama, this duty only exists as to a party to an insurance contract.  *See Ligon Furniture Co., Inc. v. O.M. Hughes Ins., Inc.*, 551 So. 2d 283, 285 (Ala. 1989).  Defendants are not a party to the contract in question (i.e., the Recreational Vehicle Service Agreement between Plaintiff and National Warranty).  (Exh. 2, Becker Affidavit, ¶ 5; *see* Exh. 1, Complaint, ¶¶ 5, 8).  Mr. Becker, who is an independent contractor, and CIA, who is an independent inspection agency, were hired to inspect Plaintiff's motor home ten months after the contract in question was created.  (*Compare* Exh. 2, Becker Affidavit, ¶¶ 3-4, *with* Exh. 1, Complaint ¶ 8).  Defendants never entered into an insurance contract with Plaintiff.  (Exh. 2, Becker Affidavit, ¶ 5; *see* Exh. 1, Complaint, ¶

3

8). Plaintiff cannot maintain an action for bad faith against Defendants who were never a party to the insurance contract in question. *See Ligon Furniture*, 551 So. 2d at 285.

Furthermore, Plaintiff has the burden of showing the existence of an insurance contract between himself and Defendants. *See Williams v. State Farm Mut. Auto. Ins. Co.*, 886 So. 2d 72, 75-76 (Ala. 2003). There is no allegation, and Mr. Becker has already stated in his affidavit, that he entered into <u>any</u> contract with Plaintiff. (Exh. 2, Becker Affidavit, ¶ 5). Likewise, there is no allegation or evidence that CIA entered into <u>any</u> contract with Plaintiff. (*See* Exh. 1, Complaint). In fact, the evidence is to the contrary. (*See* Recreational Vehicle Service Agreement, attached as Exhibit 3). Therefore, Plaintiff clearly cannot maintain a claim for bad faith against Defendants.

**2. The "Negligent Handling Of An Insurance Claim" Is Not A Recognizable Tort In Alabama.**

Likewise, Plaintiff's claim against Defendants for "negligently or wantonly handl[ing] the claims made by plaintiff" is due to be dismissed. (Exh. 1, Complaint ¶ 34). The law is clear that Alabama does not "recognize a cause of action for the negligent handling of insurance claims." *Kervin v. S. Guar. Ins. Co.*, 667 So. 2d 704, 706 (Ala. 1995) (citing *Pate v. Rollison Logging Equip., Inc.*, 628 So. 2d 337 (Ala. 1993); *Armstrong v. Life Ins. Co. of Va.*, 454 So. 2d 1377, 1380 (Ala. 1984) *overruled on other grounds, Hickox v. Stover*, 551 So. 2d 259, 264 (Ala. 1989); *Chavers v. National Security Fire & Casualty Co.*, 405 So. 2d 1, 5 (Ala. 1981); *Calvert Fire Ins. Co. v. Green*, 180 So. 2d 269 (Ala. 1965)). Moreover, Defendants did not process or handle the Plaintiff's claim and had no duty whatsoever to do so. (Exh. 2, Becker Affidavit, ¶ 6; Exh. 1,

Complaint, ¶¶ 5, 14). Mr. Becker is an independent contractor who was hired only to inspect the vehicle in question. (Exh. 2, Becker Affidavit, ¶¶ 3-6). CIA is an independent inspection agency who was hired only to inspect the vehicle in question. (Exh. 1, Complaint, ¶¶ 5, 14).

Furthermore, Plaintiff has failed to allege in his complaint how Defendants were negligent or wanton. Plaintiff has not cited to a single breach of Defendants' supposed duty "to follow generally accepted guidelines for the processing of such claims." *See Crowne Investments, Inc. v . Bryant* 638 So. 2d 873, 878-79 (Ala. 1994) (failure to procure claim dismissed because plaintiffs failed to allege any facts proving the agent's negligence); (*see* Exh. 1, Complaint, ¶¶ 34-35). Defendants clearly have nothing to do with processing insurance claims. (Exh. 2, Becker Affidavit, ¶ 6). Therefore, Plaintiff cannot maintain a claim against Defendants for negligent handling of an insurance claim.

WHEREFORE, PREMISES CONSIDERED, Defendants respectfully request this Court to dismiss this Complaint.

Dated this the  1st  day of December, 2005.

       /s/ Anthony C. Harlow
W. MICHAEL ATCHISON
Bar No.:  ASB-4005-T75W
ANTHONY C. HARLOW
Bar No: ASB-5692-W74A
G. MATTHEW KEENAN
Bar No.: ASB-4664-G63K
Attorneys for National Warranty of Florida, Inc., Lyndon Property Insurance Co., Inc., Chris Chisam, Centro Inspection Agency and Ronald Becker

        STARNES & ATCHISON LLP
        Seventh Floor, 100 Brookwood Place
        Post Office Box 598512
        Birmingham, Alabama, 35259-8512
        (205) 868-6000

## CERTIFICATE OF SERVICE

I do hereby certify that on December 1, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jeffrey C. Kirby
PITTMAN, HOOKS, DUTTON
  KIRBY & HELLUMS, P.C.
1100 Park Place Tower
2001 Park Place North
Birmingham, Alabama  35203
(205) 322-8880

        Respectfully submitted,

        /s/ Anthony C. Harlow
        Anthony C. Harlow
        Bar Number: ASB-5692-W74A
        STARNES & ATCHISON LLP
        Seventh Floor, 100 Brookwood Place
        Post Office Box 598512
        Birmingham, Alabama, 35259-8512
        Telephone: (205) 868-6000
        Facsimile: (205) 868-6099
        e-mail: ach@starneslaw.com