IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| TROY D. NEWTON, | ) |
|    Plaintiff, | ) ) ) |
| vs. | ) ) |
| NATIONAL WARRANTY OF FLORIDA, INC.; LYNDON PROPERTY INSURANCE CO., INC.; CHRIS CHISM; CENTRO INSPECTION AGENCY; RONALD BECKER; et al., | ) ) ) ) ) ) ) |
|    Defendants. | ) ) |

CIVIL ACTION NO. CV-2:05-CV-1126-W

**<u>DEFENDANT'S MEMORANDUM BRIEF IN SUPPORT
OF MOTION TO DISMISS CHRISTOPHER A. CHISAM</u>**

COMES NOW, Defendant Christopher A. Chisam, incorrectly designated in the Complaint as "Chris Chism," and submits this Memorandum Brief in support of his Motion to Dismiss.

**INTRODUCTION**

Mr. Chisam is a claims adjuster for National Warranty of Florida, Inc. ("National Warranty"), which is a subsidiary of PSA Group, Inc. (Affidavit of Christopher A. Chisam, ¶¶ 3 and 4, attached as Exhibit 1). He works and resides in the State of Colorado. (*Id.* ¶¶ 2 and 3). Mr. Newton, a resident of Alabama, supposedly filed a claim on August 6, 2004 on an insurance policy that he held with National Warranty for coverage of his motor home. (Complaint, ¶¶ 1 and 12, attached as Exhibit 2). Mr. Newton claims that Mr. Chisam, as the agent of National Warranty, subsequently

{B0550818}

informed him that his claim was denied. (*Id.* ¶ 16). Mr. Newton has not alleged that Mr. Chisam ever personally agreed to insure Mr. Newton's motor home for mechanical breakdowns. In fact, Mr. Chisam has never personally entered into any contract or personally conducted any business with Mr. Newton. (Exh. 1, Chisam Affidavit, ¶¶ 4 and 6). Nonetheless, Mr. Newton filed the present action against Mr. Chisam when his claim was denied by National Warranty. (*See* Exh. 2, Complaint).

Plaintiff asserts three causes of action against Mr. Chisam: breach of warranty and contract, bad faith, and negligent handling of an insurance claim. (*Id.* ¶¶ 17-21, 25-29, 33-35). Mr. Chisam is due to be dismissed from this case, because 1) this Court lacks personal jurisdiction over him and/or 2) Plaintiff has failed to state a claim upon which relief can be granted.

## ARGUMENT

### I. This Court Lacks Personal Jurisdiction Over Mr. Chisam.

When a defendant challenges personal jurisdiction, the plaintiff has the twin burdens of establishing that personal jurisdiction comports with (1) the forum state's long-arm provision and (2) the requirements of the due process clause of the Fourteenth Amendment to the United States Constitution. *See Olivier v. Merritt Dredging Co.*, 979 F.2d 827, 830 (11th Cir. 1992), *cert. denied*, *S.C. Prop. & Cas. Ins. Guar. Ass'n v. Olivier*, 507 U.S. 983 (1993), *and La. Ins. Guar. Ass'n v. Olivier*, 508 U.S. 910 (1993). Alabama's long-arm provision authorizes the assertion of personal jurisdiction to the

limits of the United States Constitution. *See* Ala. R. Civ. P. 4.2(b).[1] Thus, Plaintiff's burden requires proof that personal jurisdiction over Mr. Chisam meets the requirements of federal due process. *See Olivier*, 979 F.2d at 830.

Due process requires: (1) that the defendant have "certain minimum contacts" with the forum state, and (2) if such minimum contacts exist, that the exercise of jurisdiction over the defendant does not offend "traditional notions of fair play and substantial justice." *Burnham v. Super. Ct. of California,* 495 U.S. 604, 609-10, 618 (1990) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *see also SEC v. Carrillo*, 115 F.3d 1540, 1542 (11th Cir. 1997); *South Ala. Pigs, LLC v. Farmer Feeders, Inc.*, 305 F. Supp. 2d 1252, 1257 (M.D. Ala. 2004). Plaintiff cannot meet either prong of the due process requirement.

### A. Mr. Chisam Lacks the Minimum Contacts with Alabama Necessary to Establish General or Specific Jurisdiction Over Him.

Two types of contacts can satisfy the first due process requirement for personal jurisdiction. Plaintiff may show that Mr. Chisam had either general or specific contacts with the State of Alabama. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-15 & nn.8–9 (1984); *Williams Elec. Co., Inc. v. Honeywell, Inc.*, 854 F.2d 389, 392 (11th Cir. 1988). General contacts, which give rise to general jurisdiction over a defendant, are those that are unrelated to the cause of action. *See Helicopteros*, 466 U.S. at 414-15 & n.9. These contacts must be both 'continuous and systematic' with the

---

[1] Rule 4.2(b) states in relevant part: "An appropriate basis exists for service of process outside of this state upon a person or entity in any action in this state when the person or entity has such contacts with this state that the prosecution of the action against the person or entity in this state is not inconsistent with the constitution of this state or the Constitution of the United States…." ALA. R. CIV. P. 4.2(b).

forum state and substantial in order to establish general jurisdiction. *Id.* at 415; *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 374 (5th Cir. 2003) (citing *Helicopteros*, 466 U.S. 408); *Youn v. Track, Inc.*, 324 F.3d 409, 417-18 (6th Cir. 2003) (citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 446-47 (1952)); *Lakin v. Prudential Sec., Inc.*, 348 F.3d 704, 712 (8th Cir. 2003).

Alternatively, specific contacts giving rise to specific jurisdiction consist of the defendant's contacts with the forum state that are related to the cause of action. *See Helicopteros*, 466 U.S. at 414 & n.8; *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472-75 (1985). Although the related contacts need not be continuous and systematic, they must have been purposefully established in the forum state by the defendant, and they must rise to such a level as to cause the defendant to anticipate being haled into court in the forum state. *Carrillo*, 115 F.3d at 1542; *Francosteel Corp. v. M/V Charm*, 19 F.3d 624, 627 (11th Cir. 1994); *see Burger King*, 471 U.S. at 472-75. Regardless of which type of minimum contact analysis is done, general or specific, "each defendant's contacts with the forum State must be assessed individually." *Calder v. Jones,* 465 U.S. 783, 790 (1984).

1. <u>There Are Insufficient Contacts To Establish General Jurisdiction Over Mr. Chisam.</u>

To constitute sufficient contacts for purposes of general jurisdiction, Plaintiff must show that Defendant's contacts with Alabama, contacts which are unrelated to the cause of action, are substantial, continuous and systematic. *See, e.g., Helicopteros,* 466 U.S. at 414-15; *Religious Tech. Ctr.*, 339 F.3d 369. Here, Mr. Chisam is a resident of Colorado

and has never been physically present in the State of Alabama. (Exh. 1, Chisam Affidavit ¶¶ 2 and 7). He holds no interest in real property in Alabama. (*Id.* ¶ 10). He has never lived in a marital relationship within the State of Alabama, or had any obligations arising from alimony, custody, child support, or property settlement in the State of Alabama. (*Id.* ¶ 12). Mr. Chisam has never, individually or through an agent, transacted business in the State of Alabama or contracted to supply goods or services within the State of Alabama. (*Id.* ¶¶ 8-9). The only contact with Alabama that Plaintiff charges Mr. Chisam with is Mr. Chisam's alleged communication to Plaintiff that National Warranty denied Plaintiff's claim. (Exh. 2, Complaint, ¶ 16). A single telephone call or letter (Plaintiff does not specify) from a Defendant in Colorado is insufficient to be considered substantial, continuous or systematic contacts with Alabama. Thus, general jurisdiction does not exist over Mr. Chisam, because Plaintiff cannot meet his burden of establishing substantial contacts that are also "continuous and systematic" with the State of Alabama.

2. <u>There Are Insufficient Contacts To Establish Specific Jurisdiction Over Mr. Chisam.</u>

As already stated, to constitute minimum contacts for purposes of specific jurisdiction, Plaintiff must show that Mr. Chisam's alleged contacts with Alabama satisfy three criteria:

- "First, the contacts must be related to the plaintiff's cause of action or have given rise to it."
- "Second, the contacts must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum…" and
- "Third, the defendant's contacts with the forum must be such that [the defendant] should reasonably anticipate being haled into court there."

5

*Carrillo,* 115 F.3d at 1542. Here, Plaintiff cannot meet this burden. There is only one contact that Plaintiff alleges for establishing jurisdiction over Mr. Chisam—the alleged denial of Plaintiff's claim on his policy with National Warranty. This single contact with the State of Alabama, assuming Mr. Chisam made it, was in his capacity as a claims adjuster for National Warranty. This type of contact is not sufficient to establish specific jurisdiction over Mr. Chisam.

In Alabama, "it is clear that jurisdiction over individual officers or employees of a corporation may not be predicated merely upon jurisdiction over the corporation itself." *Thames v. Gunter-Dunn, Inc.*, 373 So. 2d 640, 641 (Ala. 1979). The Eleventh Circuit has also stated that "a court cannot exercise personal jurisdiction over a defendant solely on the basis of his employer's contacts with the forum state." *Williams Elec. Co., Inc. v. Honeywell, Inc.*, 854 F.2d 389, 391-92 (11th Cir. 1988) (citing *Calder v. Jones*, 465 U.S. 783 (1984)). Likewise, in *Pierce v. Heyman*, the Alabama Supreme Court dismissed four defendants for lack of personal jurisdiction under these circumstances. 480 So. 2d 1185 (Ala. 1985). In *Pierce*, the plaintiff sued his insurer and five employees who worked in the insurer's claims department. *Id.* The court compared these employees to the bank officers in *Thames* in which that court also found that there was no personal jurisdiction. *Id.* at 1186. The *Thames* court noted that "these bank officers performed all acts within the scope of their bank employment. To allow personal jurisdiction over them when they acted solely in the furtherance of their official positions would be to extend the long-arm statue too far." 373 So. 2d at 643. The *Thames* court also noted that "unless there is

evidence that the act by the corporate officer was other than as an agent for the corporation, then personal jurisdiction over the corporate officer will not lie." *Id.* at 642 (quoting *Idaho Potato Comm'n v. Wash. Potato Comm'n*, 410 F. Supp. 171, 181 (D. Idaho 1975)). The *Pierce* court applied this same principal to the four non-resident insurance employees and held that the lower court did not have personal jurisdiction over these defendants. 480 So. 2d at 1186-87. All of their actions were in furtherance of their duties as employees of the insurer. *Id.* at 1186.

The facts of *Pierce* are virtually identical to the present case. Mr. Chisam was merely acting within the scope of his employment, just as the insurance employees in *Pierce* were. As a claims adjuster for National Warranty, part of Mr. Chisam's job is obviously processing claims presented by policyholders. His alleged contact with Plaintiff, informing him that his claim had been denied, is entirely within the scope of his employment. Furthermore, Mr. Chisam has only been sued in his capacity as a claims adjuster. (*See* Exh. 2, Complaint). Therefore, as in *Pierce*, this Court should hold that the necessary minimum contacts are lacking.

This Court should also rely on *South Alabama Pigs, LLC v. Farmer Feeders, Inc.*, where this Court stated that "[a]n officer who has never been in Alabama, nor conducted personal business in the state through an alter ego or through personal agents, may not be subjected to jurisdiction in Alabama." 305 F. Supp. 2d 1252, 1260 (M.D. Ala. 2004). Although Mr. Chisam is not an officer of National Warranty, *South Alabama Pigs* applies to other employees of a corporation just as *Thames*, which involved officers of a bank, applied to the insurance employees in *Pierce*. *See Pierce*, 480 So. 2d at 1186. As has

already been shown, Mr. Chisam has no personal contacts with the State of Alabama. He has already testified that he has never lived in or visited Alabama or conducted personal business in Alabama. (Exh. 1, Chisam Affidavit, ¶¶ 5, 7-8). Therefore, he should not be subject to jurisdiction in Alabama.

Furthermore, the Supreme Court has stated that "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985). Under the Supreme Court's analysis in *Burger King*, Mr. Chisam has not done this.

> Thus where the defendant "deliberately" has engaged in significant activities within a State… or has created "continuing obligations" between himself and residents of the forum,… he manifestly has availed himself of the privilege of conducting business there, and because his activities are shielded by "the benefits and protections" of the forum's laws it is presumptively not unreasonable to require him to submit to the burdens of litigation in that forum as well.

*Id.* at 475-76 (citations ommitted). Clearly, Mr. Chisam has done nothing to purposefully avail himself of the privilege of conducting activities with the State of Alabama.

In addition, Mr. Chisam cannot meet the third criteria for specific jurisdiction. It is unrealistic to conclude that Mr. Chisam would have had a reasonable expectation of being haled into an Alabama court for merely performing his duties as a claims adjuster in Denver, Colorado. Therefore, this Court should find that Mr. Chisam does not have the minimum requisite contacts to establish either general or specific jurisdiction over Mr. Chisam.

### B.   Exercise of Jurisdiction Over Mr. Chisam Offends Traditional Notions of Fair Play and Substantial Justice.

Only after Plaintiff has shown that Mr. Chisam has sufficient minimum contacts with Alabama, is this Court required to consider whether the balance of competing interests and the nature and quality of such contacts would make it fair play and substantial justice to subject Mr. Chisam to jurisdiction in Alabama.  *See Francosteel Corp. v. M/V Charm*, 19 F.3d 624, 627 (11th Cir. 1994) (fair play and substantial justice is the second prong of a two-prong test for determining whether personal jurisdiction complies with due process).  While Plaintiff cannot meet the threshold requirement of purposeful contacts to exercise jurisdiction over Mr. Chisam, should this Court determine otherwise, this Court still may not exercise jurisdiction over Mr. Chisam because requiring him to litigate in Alabama would offend fair play and substantial justice.  This Court should again look to *Pierce*, whose facts are the most similar, where the Alabama Supreme Court held that to assert personal jurisdiction over the four non-resident insurance employees "would offend traditional notions of fair play and substantial justice." 480 So. 2d at 1187.

This Court should also apply the five factors identified by the Supreme Court in *Burger King Corp,* 471 U.S. at 478, for evaluating fairness: (1) the burden on the defendant; (2) the forum State's interest in adjudicating the dispute; (3) the plaintiff's interest in obtaining convenience and effective relief; (4) the interstate judicial system's interest in obtaining the most effective resolution of the controversies; and (5) the shared interest of the several states in furthering fundamental substantive policies.  Applying

9

{B0550818}

these to the present case, it is clear that: (1) the burden on Mr. Chisam to litigate in Alabama is enormous; (2) Alabama does not have an interest in adjudicating this dispute as to Mr. Chisam, as he, much less any alleged act or omission by same, have absolutely no contact nor factual nexus with the State of Alabama nor the specific causes of action here at play; and (3) Plaintiff's interest in obtaining convenience and effective relief is unaffected by the absence of Mr. Chisam. Plaintiff has failed under both prongs of the due process requirement for establishing personal jurisdiction over Mr. Chisam. Therefore, Mr. Chisam should be summarily dismissed with prejudice.

## II. Plaintiff Has Failed To State A Claim Against Mr. Chisam Upon Which Relief Can Be Granted.

### A. Mr. Chisam Is Not Liable For Breach of Contract, Because Mr. Chisam Was Merely an Agent of the Insurer.

In *Owens v. Life Ins. Co. of Ga.*, the district court found that an insurer's agent cannot be held responsible for that insurer's breach of an insurance agreement. 289 F. Supp. 2d 1319, 1324 (M.D. Ala. 2003) (citing L*igon Furniture Co., Inc. v. O.M. Hughes Ins., Inc.*, 551 So. 2d 283, 285 (Ala. 1989); *Bullock v. United Benefit Ins. Co.*, 165 F. Supp. 2d 1255, 1257 (M.D. Ala. 2001)). The agent is not a party to the agreement. *Owens*, 289 F. Supp. 2d at 1324. Therefore, he cannot be "a proper defendant for Plaintiff's breach of contract claim." *Id.* Likewise, Mr. Chisam was not a party to National Warranty's agreement with Plaintiff regarding warranty coverage of Plaintiff's motor home. (Exh. 1, Chisam Affidavit, ¶¶ 4 and 6). Therefore, Plaintiff cannot

maintain a claim for breach of contract against Mr. Chisam, and this claim is due to be dismissed with prejudice.

### B. Mr. Chisam Is Not Liable For Bad Faith Since He Was Not A Party To The Insurance Contract In Question.

Plaintiff's claim for bad faith is due to be dismissed, because Mr. Chisam did not owe or breach a duty of good faith to Plaintiff. The Complaint alleges that Mr. Chisam "had a duty imposed by law to exercise good faith and fair dealing in the performance of the contractual obligations under the terms of the aforesaid policy of insurance." (Exh. 2, Complaint, ¶ 26). In Alabama, this duty only exists as to a party to an insurance contract. *See Ligon Furniture Co., Inc. v. O.M. Hughes Ins., Inc.*, 551 So. 2d 283, 285 (Ala. 1989). Mr. Chisam is not a party to the contract in question (i.e., the agreement between Plaintiff and National Warranty for warranty protection of the motor home). (Exh. 1, Chisam Affidavit, ¶¶ 4 and 6). Mr. Chisam is a claims adjuster for National Warranty. (*Id.* ¶¶ 3-4). Mr. Chisam never entered into an insurance contract with Plaintiff. (*Id.* ¶¶ 4 and 6). Plaintiff cannot maintain an action for bad faith against a party who was never a party to the insurance contract in question. *See Ligon Furniture*, 551 So. 2d at 285.

Furthermore, Plaintiff has the burden of showing the existence of an insurance contract between himself and Mr. Chisam. *See Williams v. State Farm Mut. Auto. Ins. Co.*, 886 So. 2d 72, 75-76 (Ala. 2003). There is no allegation, and Mr. Chisam has already stated in his affidavit, that he entered into <u>any</u> contract with Plaintiff. (Exh. 1, Chisam Affidavit, ¶¶ 4 and 6). Therefore, Plaintiff clearly cannot maintain a claim for bad faith against Mr. Chisam.

### C. "Negligent Handling Of An Insurance Claim" Is Not A Recognizable Tort In Alabama.

Likewise, Plaintiff's claim against Mr. Chisam for "negligently or wantonly handl[ing] the claims made by plaintiff" is due to be dismissed. (Exh. 1, Complaint ¶ 34). The law is clear that Alabama does not "recognize a cause of action for the negligent handling of insurance claims." *Kervin v. S. Guar. Ins. Co.*, 667 So. 2d 704, 706 (Ala. 1995) (citing *Pate v. Rollison Logging Equip., Inc.*, 628 So. 2d 337 (Ala. 1993); *Armstrong v. Life Ins. Co. of Va.*, 454 So. 2d 1377, 1380 (Ala. 1984) *overruled on other grounds, Hickox v. Stover*, 551 So. 2d 259, 264 (Ala. 1989); *Chavers v. National Security Fire & Casualty Co.*, 405 So. 2d 1, 5 (Ala. 1981); *Calvert Fire Ins. Co. v. Green*, 180 So. 2d 269 (Ala. 1965)).

Furthermore, Plaintiff has failed to allege in his Complaint how Mr. Chisam was negligent or wanton. Plaintiff has not cited to a single breach of Mr. Chisam's supposed duty "to follow generally accepted guidelines for the processing of such claims." *See Crowne Investments, Inc. v. Bryant* 638 So. 2d 873, 878-79 (Ala. 1994) (failure to procure claim dismissed because plaintiffs failed to allege any facts proving the agent's negligence); (*see* Exh. 2, Complaint, ¶¶ 34-35). Mr. Chisam clearly has no liability for how he processed Plaintiff's insurance claim. Therefore, Plaintiff cannot maintain a claim against Mr. Chisam for his negligent handling of an insurance claim.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests this Court to dismiss this Complaint.

{B0550818}

Dated this the  1st  day of December, 2005.

        /s/ Anthony C. Harlow
W. MICHAEL ATCHISON
Bar No.:  ASB-4005-T75W
ANTHONY C. HARLOW
Bar No: ASB-5692-W74A
G. MATTHEW KEENAN
Bar No.:  ASB-4664-G63K
Attorneys for National Warranty of Florida, Inc., Lyndon Property Insurance Co., Inc., Chris Chisam, Centro Inspection Agency and Ronald Becker
STARNES & ATCHISON LLP
Seventh Floor, 100 Brookwood Place
Post Office Box 598512
Birmingham, Alabama, 35259-8512
(205) 868-6000

13

{B0550818}

## CERTIFICATE OF SERVICE

     I do hereby certify that on <u>December 1, 2005</u>, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jeffrey C. Kirby
PITTMAN, HOOKS, DUTTON
  KIRBY & HELLUMS, P.C.
1100 Park Place Tower
2001 Park Place North
Birmingham, Alabama  35203
(205) 322-8880

          Respectfully submitted,

          _____/s/ Anthony C. Harlow_____
          Anthony C. Harlow
          Bar Number: ASB-5692-W74A
          STARNES & ATCHISON LLP
          Seventh Floor, 100 Brookwood Place
          Post Office Box 598512
          Birmingham, Alabama, 35259-8512
          Telephone: (205) 868-6000
          Facsimile: (205) 868-6099
          e-mail: ach@starneslaw.com