IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CIVIL ACTION NO: _CV-05-2604_

TROY D. NEWTON, individual,

    Plaintiff,

V

NATIONAL WARRANTY OF FLORIDA, INC., a wholly owned subsidiary of PSA HOLDING, INC., a corporation; LYNDON PROPERTY INSURANCE COMPANY, INC., a corporation; CHRIS CHISM, individually; CENTRO INSPECTION AGENCY, a corporation; RONALD BECKER, individually, and No. 1, whether singular or plural, that entity who or which sold Plaintiff a recreational vehicle service agreement policy prior to the incident made the basis of this lawsuit; No. 2, whether singular or plural, that entity who or which, as an agent, sold the recreational vehicle service agreement policy made the basis of this lawsuit; No. 3, whether singular or plural, plaintiff hereby intending to designate that certain agency which, through its agents or otherwise, sold the recreational vehicle service agreement made the basis of this lawsuit; No. 4, whether singular or plural, that entity who or which, through agents or otherwise, marketed the recreational vehicle service agreements on or before the filing of this lawsuit; No. 5, whether singular or plural, plaintiff hereby intending to designate that certain insurance and/or warranty company which issued, insured, or participated in the matters alleged herein; No. 6, whether singular or plural, that individual or those individuals, that entity or those entities, who or which misrepresented to plaintiff insurance coverage made the basis of this lawsuit; whether singular or plural, that entity or those entities whose breach of contract proximately caused the plaintiff damages pursuant to said contractual breach; No. 7, whether singular or plural, that entity or those entities whose fraud in the inducement caused the plaintiff to become uninsured and proximately caused the plaintiff to become substantial damages and great mental anguish as a result thereof; No. 8, whether singular or plural, that entity or those entities whose bad faith caused the plaintiffs to become uninsured and proximately caused the plaintiffs to incur substantial damages and great mental anguish as a proximate result thereof; No. 9, whether singular or plural, that entity or those entities which made any promise or affirmation of fact relating to the contract involved in the occurrence made the basis of plaintiffs' complaint; No. 10, whether singular or plural, that entity or those entities who or which provided information referable to the coverage of the recreational vehicle service agreement involved in the occurrence made the basis of plaintiff's complaint; No. 11, whether singular or plural, that entity or those entities, other than those entities described above, which is the successor in interest of any of the entities described above; No. 12, whether singular or plural, that entity or those entities, other than those entities described above, which was the predecessor corporation of any of the entities described above; No. 13, whether singular or plural, that individual or those individuals that entity or those entities who was the agent or agent's company that sold the recreational vehicle service agreement to the plaintiff which forms the basis of this suit. Plaintiff avers that the identities of the fictitious party defendant herein is otherwise unknown to the plaintiff at this time, or if their

names are known to plaintiff their identities as proper parties defendant is not known to the Plaintiff at this time, and their true names will be substituted by amendment when ascertained.

Defendant(s).

RECEIVED
OCT 25 2005
LEGAL DEPT.

## COMPLAINT

### STATEMENT OF THE PARTIES

1. The Plaintiff, Troy Newton, is an individual, over the age of nineteen (19) years, of sound mind and resides in Montgomery County, Alabama. Troy Newton is a holder of the warranty and/or recreational vehicle service agreement policy with National Warranty of Florida, Inc.

2. Defendant National Warranty of Florida, Inc. (hereinafter referred to as "National Warranty") a wholly owned subsidiary of PSA Holding, Inc., is a corporation whose principal place of business is in Denver, Colorado.

3. Defendant, Lyndon Property Insurance Company, Inc., (hereinafter referred to as "Lyndon Property") a corporation whose principal place of business is in St. Louis, Missouri, insure National Warranty.

4. Defendant, Chris Chism, is an individual, over the age of nineteen (19) years, of sound mind, an agent of Defendant, National Warranty.

5. Defendant, Centro Inspection Agency, (hereinafter referred to as "Centro") is a corporation whose principal place of business is in Lincroft, New Jersey, is an independent inspection agency hired by National Warranty.

6. Defendant, Ronald Becker, is an individual, over the age of nineteen (19) years, of sound mind, an agent of Defendant, Centro, and resides and works in the State of Alabama.

## STATEMENT OF THE FACTS

7. On October 10, 2003, Plaintiff, Troy Newton, purchased a used 1996 Allegro Motor Home (VIN4UZR69R14T2307472) from Lazydays RV Center in Seffner, Florida.

8. On October 10, 2003, Plaintiff purchased a warranty and/or recreational vehicle service agreement policy through National Warranty of Florida, Inc. for $4,486.00. This warranty was a policy to be paid in the event of a mechanical breakdown regarding his 1996 pre-owned Allegro motor home. The terms selected in the agreement were for repairs within thirty-six (36) months or thirty thousand (30,000)-odometer miles whichever occurred first. The service agreement policy provides that, in the event of a mechanical breakdown, the defendants would pay for mechanical repairs to Troy Newton's Allegro motor home.

9. On July 28, 2004, after traveling approximately 2,798 miles, plaintiff, Troy Newton took his Allegro Motor Home into a Cummins Diesel Service Center to have routine maintenance performed in accordance with the requirement of the above-described agreement. Plaintiff, Troy Newton had the service performed, but another mechanic, who was listening to Troy Newton's engine as he drove it in, told Troy Newton that his engine did not sound right and noticed a "ping".

10. Plaintiff, Troy Newton contacted National Warranty regarding a potential problem with the engine. Troy Newton requested that National Warranty authorize, and ultimately be responsible for tearing down the engine to determine

the cause of the problem. An adjuster for National Warranty refused to authorize the exploratory procedure.

11. Plaintiff, Troy Newton, at his own expense authorized the procedure. It was determined that one of the pistons, Number 6, had burned up and had rendered the engine useless.

12. On August 6, 2004, Troy Newton notified National Warranty and Lyndon Property that his Allegro motor home had cylinder and engine failure.

13. The plaintiff, Troy Newton made a claim for benefits under his recreational vehicle service agreement with the Defendants, National Warranty and Lyndon Property.

14. The defendant, National Warranty contacted an independent agency, Centro Inspection Agency to inspect the Allegro motor home on behalf of National Warranty regarding the mechanical problems.

15. Two inspections and reports were completed by agent Ronald Becker, an employee of Centro Inspection Agency for National Warranty. The first inspection and report was completed on August 9, 2004 and the second was completed on August 31, 2004.

16. After said inspections regarding the Allegro motor home, plaintiff, Troy Newton was told by Chris Chism, an agent for National Warranty that his claim was being denied based on the reports given by Ronald Becker of Centro Inspection Agency. Troy Newton was told that he was being denied coverage due to lack of maintenance and owner negligence.

## COUNT I

## BREACH OF WARRANTY AND CONTRACT

17. Plaintiff adopts and realleges, as fully set out herein, each and every one of the above paragraphs.

18. On or about October 10, 2003, Plaintiff, Troy Newton, purchased for valuable consideration a warranty and/or recreational vehicle service agreement policy from the defendant, National Warranty. Said warranty and/or recreational vehicle service agreement policy, purported to provide coverage on Plaintiff's Allegro motor home to be paid in the event of a mechanical breakdown regarding his 1996 pre-owned Allegro motor home from National Warranty of Florida, Inc.

19. On or about July 28, 2005, the plaintiff, Troy Newton discovered a mechanical problem, which ultimately resulted in engine failure in his Allegro motor home, which was no fault of the Plaintiff. This incident was promptly reported to National Warranty.

20. The defendants, National Warranty, Lyndon Property and Chris Chism, breached their agreement with the plaintiff pursuant to the above-stated warranty and/or recreational vehicle service agreement policy by failing and refusing to pay all warranty and/or recreational vehicle service agreement policy claims for the mechanical breakdown and full agreement reimbursement and other payments associated with the claim as required under said warrant and/or recreational vehicle service agreement policy.

21. As a proximate result of the breach of contract by the defendants as set out above, the plaintiff was caused to suffer damages.

WHEREFORE, premises considered, plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff, and against the defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by him due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of defendants' conduct. Further, plaintiff requests that the Court enter a judgment consistent with the jury's verdict, and that it also award plaintiffs interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

## COUNT II

## FRAUDULENT INDUCEMENT

22. Plaintiff hereby re-adopts and realleges, as fully set out herein, each and every one of the above paragraphs.

23. The defendant, National Warranty, knew on or about October 10, 2003 and at different stages during the coverage period, that they did not intend to pay the benefits required under the above-stated warranty and/or recreational vehicle service agreement policy and fraudulently induced Plaintiff to pay for said policy with the knowledge that the representations that the policy would pay the aforesaid benefits were false, and that the defendants knew that the plaintiff relied on these representations to their detriment. The defendants made the misrepresentations to the plaintiff intentionally or with reckless disregard for the truth and said misrepresentations were made with the intent that plaintiff would rely on said misrepresentations.

24. The aforesaid fraud in the inducement by the defendants proximately caused the plaintiff to suffer substantial damage and great mental anguish as a result thereof.

WHEREFORE, premises considered, plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff, and against the defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by him due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of defendants' conduct. Further, plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

## COUNT III

## BAD FAITH

25. Plaintiff hereby re-adopts and realleges, as fully set out herein, each and every one of the above paragraphs.

26. The defendants, National Warranty, Lyndon Property, Centro, Chris Chism and Ronald Becker, had a duty imposed by law to exercise good faith and fair dealing in the performance of the contractual obligations under the terms of the aforesaid policy of insurance. This duty was breached, either in that defendants, National Warranty, Lyndon Property, Centro, Chris Chism and Ronald Becker, had no arguable basis for denying plaintiffs' claims, or in that it failed to adequately investigate said claims, and denied them without determining whether there was any arguable basis for denial.

27. The creation of the aforesaid warranty and/or recreational vehicle service agreement contract between the plaintiff and the defendant, National Warranty, was based on the element of reliance on the part of the plaintiff, which was unlike relationships shared by parties to contracts generally. Implicit in this relationship was the duty of good faith and fair dealing. The defendants had a duty imposed by law to exercise good faith and fair dealing in the performance of their contractual obligations under the terms of the aforesaid agreement. The defendants, National Warranty, Lyndon Property, Centro, Chris Chism and Ronald Becker had a duty not to willfully and maliciously deny insurance coverage, but, without legal justification and with intent to injury the plaintiff, said defendants did refuse to provide plaintiff with the aforesaid contractual benefits. Said defendant breached this duty in that there was no genuine dispute over the rights or entitlement to receive the aforesaid benefits, i.e., there was no factual and/or legal basis for denial of said benefits, and the defendants had knowledge that there was no genuine dispute over the claim, but nonetheless wrongfully and without justification denied and refused to provide plaintiff with said benefits and/or there was no genuine dispute over plaintiff's right to receive the aforesaid benefits pursuant to said contract. The defendants refused to provide plaintiff with the benefits with a reckless disregard of their right to have their benefits pursuant to said contract and furthermore the defendants failed to determine whether there was a legitimate or arguable reason for denying the payment of plaintiff's claim.

28. The plaintiff was substantially injured as a proximate result of the aforesaid

breach of duty by the defendants in that the plaintiff was deprived of benefits pursuant to said contract and was caused to suffer economic loss and great mental anguish as a proximate result thereof.

29. The aforesaid bad faith by the defendant proximately caused the plaintiff to suffer economic loss resulting in substantial monetary damage and great mental anguish as a result thereof.

WHEREFORE, premises considered, plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff, and against the defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by him due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of defendants' conduct. Further, plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

## COUNT IV

## MISREPRESENTATION

30. Plaintiff hereby re-adopts and realleges, as fully set out herein, each and every one of the above paragraphs.

31. The defendants, National Warranty, collected payment for the warranty and/or recreational vehicle service agreement policy with the knowledge that said policy would not pay the above-stated benefits and furthermore accepted said policy premium payments knowing that the afore-stated benefits would not be paid in the

event of a claim made under said warranty and/or recreational vehicle service agreement policy. As a result of the above-stated intentional misrepresentations and/or reckless disregard for the truth perpetrated by the defendants, plaintiff was caused to incur substantial monetary damages and great mental anguish.

32. As a result of the above-stated willful, wanton and/or reckless misrepresentations by the defendants, plaintiff was caused to incur substantial monetary damages and great mental anguish.

WHEREFORE, premises considered, plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff, and against the defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by him due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of defendants' conduct. Further, plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

## COUNT V

### NEGLIGENCE / WANTONNESS

33. Plaintiff hereby re-adopts and realleges, as fully set out herein, each and every one of the above paragraphs.

34. The defendants, National Warranty, Lyndon Property, Centro, Chris Chism and Ronald Becker, negligently or wantonly handled the claims made by plaintiff, by failing to follow generally accepted guidelines for the processing of such claims.

35. The negligent and/or wanton conduct of the defendants combined and concurred,

and proximately resulted in damages to the plaintiff as stated herein.

WHEREFORE, premises considered, plaintiff requests that the jury selected to hear this case render a verdict for the plaintiff, and against the defendants, for compensatory damages in an amount which will adequately compensate plaintiff for the injuries and damages sustained by him due to the defendants' conduct; and for exemplary damages in an amount which will adequately reflect the wrongfulness of defendants' conduct. Further, plaintiff requests that the Court enter judgment consistent with the jury's verdict, and that it also award plaintiff interest from the date of judgment and the costs incurred by the Court in managing this lawsuit.

_____
Jeffrey C. Kirby
Attorney for Plaintiff

OF COUNSEL:

PITTMAN, HOOKS, DUTTON, KIRBY & HELLUMS, P.C.
1100 Park Place Tower
2001 Park Place North
Birmingham, Alabama 35203
(205) 322-8880

## DEMAND FOR JURY TRIAL

Plaintiff hereby demand a struck jury for the trial of this case.

_____
Attorney for Plaintiff

## DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:

National Warranty of Florida, Inc.
c/o Daniel Haugen, President
1099 18th Street, Suite 350
Denver, CO 80202-1940

Chris Chism, Claims Agent
c/o Eric VanCleave, Claims Manager
National Warranty of Florida, Inc.
P.O. Box 1088
Wheat Ridge, CO 80034-1088

Lyndon Property Insurance Company
c/o CT Corporation System
120 South Central Avenue
Clayton, MO 63105

Centro Inspection Agency
C/O President / CEO
439 Newman Springs Road
Lincroft, New Jersey 07738-1328

Ronald Becker
C/O Centro Inspection Agency
439 Newman Springs Road
Lincroft, New Jersey 07738-1328