IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TROY D. NEWTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| LYNDON PROPERTY OF FLORIDA, | ) | CIVIL ACTION NO. 2:05-CV-1126-W |
| INC.; LYNDON PROPERTY INSURANCE | ) | |
| CO., INC.; CHRIS CHISM; CENTRO | ) | |
| INSPECTION AGENCY; RONALD | ) | |
| BECKER; et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWER OF LYNDON PROPERTY INSURANCE COMPANY, INC.

COMES NOW, the Defendant designated in the Complaint as Lyndon Property Insurance Co., Inc. ("Lyndon Property"), and for answer to Plaintiff's Complaint and each paragraph and count in it, states as follows:

### DEFENSES

### FIRST AFFIRMATIVE DEFENSE

That the Complaint fails to state a claim or cause of action against Lyndon Property upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

That Lyndon Property pleads the general issue.

### THIRD AFFIRMATIVE DEFENSE

That Plaintiff has failed to comply with all applicable conditions precedent.

## FOURTH AFFIRMATIVE DEFENSE

That some or all of Plaintiff's claims and causes of action against Lyndon Property are barred, in whole or in part, by the doctrine of contributory negligence.

## FIFTH AFFIRMATIVE DEFENSE

That some or all of Plaintiff's claims and causes of action against Lyndon Property are barred, in whole or in part, by the doctrine of waiver and/or estoppel.

## SIXTH AFFIRMATIVE DEFENSE

That some or all of Plaintiff's claims and causes of action against Lyndon Property are barred by the applicable statute of limitations.

## SEVENTH AFFIRMATIVE DEFENSE

That some or all of Plaintiff's claims and causes of action against Lyndon Property are barred, in whole or in part, by the doctrine of accord and satisfaction.

## EIGHTH AFFIRMATIVE DEFENSE

That some or all of Plaintiff's claims and causes of action against Lyndon Property are barred, in whole or in part, by the doctrine of consent and acquiescence.

## NINTH AFFIRMATIVE DEFENSE

That some or all of Plaintiff's claims and causes of action against Lyndon Property are barred, in whole or in part, by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

That some or all of Plaintiff's claims and causes of action against Lyndon Property are barred, in whole or in part, by the statute of frauds and/or Parol Evidence Rule.

{B0552241}

## ELEVENTH AFFIRMATIVE DEFENSE

That some or all of Plaintiff's claims and causes of action against Lyndon Property are barred, in whole or in part, by the doctrine of unclean hands.

## TWELFTH AFFIRMATIVE DEFENSE

That some or all of Plaintiff's claims and causes of action against Lyndon Property are barred or preempted, in whole or in part, by applicable federal law.

## THIRTEENTH AFFIRMATIVE DEFENSE

That some or all of Plaintiff's claims and causes of action against Lyndon Property are barred by the voluntary payment doctrine.

## FOURTEENTH AFFIRMATIVE DEFENSE

That some or all of Plaintiff's claims and causes of action against Lyndon Property are barred, in whole or in part, by the doctrine of ratification.

## FIFTEENTH AFFIRMATIVE DEFENSE

That all the claims and causes of action asserted in the Complaint may be subject to arbitration, and, therefore, these proceedings should be dismissed or stayed with an order, requiring that all of Plaintiff's claims and causes of action be resolved by way of arbitration.

## SIXTEENTH AFFIRMATIVE DEFENSE

That Plaintiff has failed to mitigate any actual damages that he may have incurred.

{B0552241}

## SEVENTEENTH AFFIRMATIVE DEFENSE

That Plaintiff has not alleged or sustained any actual damages which were caused by Lyndon Property, or for which Lyndon Property is liable.  Plaintiff has not incurred or suffered any actual damages including, but not limited to, mental anguish damages.

## EIGHTEENTH AFFIRMATIVE DEFENSE

That, in the alternative, any actual damages that Plaintiff may have incurred are the result of acts or omissions of individuals or entities other than Lyndon Property, and for which Lyndon Property is not legally responsible.

## NINETEENTH AFFIRMATIVE DEFENSE

That at all times, Lyndon Property acted in good faith and in compliance with all applicable terms and conditions.

## TWENTIETH AFFIRMATIVE DEFENSE

While venue is proper in this Court, venue is improper in the Circuit Court of Montgomery County, Alabama.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

That some or all of Plaintiff's claims and causes of action against Lyndon Property are barred, in whole or in part, by the doctrine of recoupment.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

That some or all of the Plaintiff's claims and causes of action against Lyndon Property are barred, in whole or in part, by the doctrine of set-off.

{B0552241}

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Any award of punitive damages in this case is subject to those limitations established by the Alabama Legislature and set forth in § 6-11-21, ALA. CODE (1975). The Alabama Supreme Court's action abolishing the legislatively-created cap on punitive damages was unconstitutional and is without effect. Under the Constitution of the United States and the state of Alabama, the Alabama Supreme Court cannot abolish the cap created by the Legislature on punitive damages through judicial fiat. *See*, Honda Motor Company Limited v. Oberg, 512 U.S. 415, 114 S.Ct. 2331, 129 L.Ed.2d 336 (1994).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's   claim for punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages, violate the United States Constitution and/or the common law and/or the public policies of the United States on the following grounds:

a.      It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil Defendant, upon the Plaintiff satisfying a burden of proof which is less than the "beyond a reasonable doubt" standard required in criminal cases.

b.      The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a Defendant,

5

which violates Defendant's rights to due process as guaranteed by the United States Constitution.

c.       The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the award of punitive damages, which violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

d.       The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus, violates the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution and the Defendant's due process rights.

e.       Plaintiff's claim for punitive damages against this Defendant cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection against awards of punitive damages for the same course of conduct, will violate this Defendant's due process and equal protection rights as guaranteed by the Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

6

f.      The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines in violation of the Eighth Amendment of the United States Constitution and in violation of the Defendant's due process rights.

g.      Plaintiff's claim for punitive damages against this Defendant cannot be sustained because any award of punitive damages under Alabama law would violate the Defendant's due process rights in as much as juries are allowed to award punitive damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

h.      Plaintiff's  claim of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages are unconstitutionally vague, indefinite and uncertain, and they deprive this Defendant of due process of law.

i.      Plaintiff's  claim of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages cause this Defendant to be treated differently from other similarly situated persons/entities by subjecting this Defendant to liability beyond the actual loss, if any, caused by Defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

7

j.      Plaintiff's claim of punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages, subject this Defendant to punishment for the conduct of others through vicarious liability, respondent superior, or through non-apportionment of damages among joint tortfeasors based on the respective size of their alleged misconduct, in violation of Defendant's due process rights and the Fifth and Fourteenth Amendments to the United States Constitution.

k.      Plaintiff's claim for punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of punitive damages expose this Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by Defendant's conduct, creating a chilling effect on Defendant's exercise of its right to a judicial resolution of this dispute.

l.      Plaintiff is not entitled to recover punitive damages, which are penal in nature, because it would violate the self incrimination clause of the Fifth Amendment to the United States Constitution to compel this Defendant to disclose potentially incriminating documents and evidence.

m.      An award of punitive damages in this case would constitute a deprivation of property without due process of law.

n.      The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

o.    The procedures pursuant to which punitive damages are awarded subject this Defendant to punishment under a law not fully established before the alleged offense.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's  claim to punitive damages, and the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages, violate the Alabama Constitution and/or the common law or public policies of Alabama on the following grounds:

a.    It is a violation of Article I, §§ 1 and 6 of the Alabama Constitution to impose punitive damages, which are penal in nature, upon a civil Defendant upon the Plaintiff  satisfying a burden of proof less than the "beyond a reasonable doubt" standard required in criminal cases.

b.    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of a punitive award against a Defendant in violation of this Defendant's due process rights guaranteed by the Alabama Constitution.

c.    The procedures pursuant to which punitive damages are awarded are unconstitutionally vague, indefinite and uncertain, and they deprive this Defendant of due process of law in violation of the Alabama Constitution.

d.    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of an award of punitive damages and

9

deprive this Defendant of due process of law in violation of the Alabama Constitution.

e.      An award of punitive damages in this case would constitute a deprivation of property without due process of law.

f.      The procedures pursuant to which punitive damages are awarded cause this Defendant to be treated differently from other similarly situated persons and/or entities by subjecting this Defendant to liability beyond the actual loss, if any, caused by this Defendant's conduct, if any, and to liability determined without clearly defined principles, standards and limits on the amount of such awards.

g.      The procedures pursuant to which punitive damages are awarded may result in the imposition of different or disparate penalties for the same or similar conduct, which denies this Defendant its rights of equal protection and due process.

h.      The procedures pursuant to which punitive damages may be awarded allow excessive fines to be imposed in violation of Article I, § 15 and Article I, § 1 of the Alabama Constitution and in violation of this Defendant's due process rights.

i.      The procedures pursuant to which punitive damages are awarded subject this Defendant to punishment under a law not fully established before the alleged offense, in violation of Article I, § 7 of the Alabama Constitution.

10

j.      It is a violation of the Alabama Constitution to impose punitive damages against this Defendant, which are penal in nature, yet compel the Defendant to disclose potentially incriminating documents and evidence.

k.      The procedures pursuant to which punitive damages are awarded subject Defendant to punishment for the conduct of others through vicarious liability, respondent superior, or through non-apportionment of damages among joint tortfeasors based on the respective size of their alleged misconduct, in violation of Defendant's due process rights and Article I, §§ 1, 6, 13 and 22 of the Alabama Constitution.

l.      The procedures pursuant to which punitive damages are awarded expose this Defendant to the risk of indefinable, unlimited liability unrelated to the actual loss caused by Defendant's conduct, creating a chilling effect on Defendant's exercise of their right to a judicial resolution of this dispute.

m.      The procedures pursuant to which punitive damages are awarded are not rationally related to legitimate government interests.

n.      Plaintiff's  claim for punitive damages against this Defendant cannot be sustained because an award of punitive damages under Alabama law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount, on the amount of punitive damages that a jury may impose, including an amount possibly in excess of the amount authorized by the Alabama Criminal Code for the same or similar conduct, and providing no protection

11

{B0552241}

against awards of punitive damages for the same course of conduct, will violate this Defendant's due process and equal protection rights guaranteed by the Alabama Constitution. Further, to allow such an award would be improper under the common law and/or public policies of the State of Alabama.

o.    Plaintiff's claim for punitive damages against this Defendant cannot be sustained because any award of punitive damages under Alabama law would violate this Defendant's due process rights inasmuch as juries are allowed to award punitive damages as they see fit or as a matter of "moral discretion" without adequate or specific standards as to the amount necessary to punish and deter and without a necessary relationship to the amount of actual harm caused.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

An award of punitive damages will violate this Defendant's rights to due process of law under the Fifth and Fourteenth Amendments to the United States Constitution and this Defendant's rights under Article I, §§ 6 and 13 of the Constitution of Alabama of 1901, because under Alabama law: (a) the standard for an award of punitive damages is so vague, indefinite and uncertain that it does not give this Defendant adequate notice of the kind of conduct for which it may be liable for punitive damages or the extent of its possible liability; (b) the judge or jury is not provided with constitutionally adequate standards of sufficient clarity, objectivity, and uniformity for determining either the appropriate imposition of an award of punitive damages or the appropriate size of an award of punitive damages; (c) the judge or jury is not instructed in a constitutionally

12

adequate manner on the limits of punitive damages awards imposed by the applicable principles of punishment and deterrence; (d) the judge or jury is not expressly prohibited from awarding punitive damages, or from determining the amount of an award of punitive damages, in whole or in part, on the basis of individually discriminatory characteristics, including without limitation the residence, wealth, and corporate status of the Defendant; (e) this Defendant may be subjected to punishment based upon the same course of conduct in more than one action; (f) the judge or jury is permitted to award punitive damages under standards for determining liability for, and the amount of, punitive damages that are vague and arbitrary and that do not define with sufficient clarity the culpable conduct or mental state that makes an award of punitive damages permissible; and (g) an award of punitive damages is not subject to judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate standards of sufficient clarity, objectivity, and uniformity.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages against this Defendant cannot be sustained because punitive damages may be awarded jointly and severally against some or all of the Defendants for different acts of alleged wrongdoing without apportionment among them based on the respective size of their alleged misconduct and will, therefore, violate this Defendant's rights under the Equal Protection Clause and the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §§ 1, 6,

13

13 and 22 of the Alabama Constitution, and will be improper under the common law and public policies of the State of Alabama and the United States of America.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred because an award of punitive damages under Alabama law will constitute an impermissible burden on interstate commerce in violation of the Commerce Clause of Article I, § 9 of the United States Constitution.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages is barred to the extent that it seeks the admission into evidence of Defendant's net worth in determining whether punitive damages are to be awarded and/or in what amount they are to be awarded because punitive damages are a form of punishment that is grounded in a Defendant's status rather than in specific misconduct, and thus has the effect of treating classes of citizens unequally in violation of the Equal Protection Clause of the Fifth and Fourteenth Amendments to the United States Constitution and Article I, §§ 1, 6, 13, and 22 of the Alabama Constitution.

## THIRTIETH AFFIRMATIVE DEFENSE

To permit the imposition of punitive damages against Defendants on a joint and several liability basis is unconstitutional in that the damages are punitive in nature, yet there is no provision under the law of Alabama for the assessment of punitive damages separately and severally against joint tortfeasors even though the damages are predicated upon the alleged size of the wrong committed by the tortfeasor, and would violate each

14

and every Defendant's right to due process and equal protection of the laws under the Fifth and Fourteenth Amendments to the Constitution of the United States, and Article 1, §§ 1, 6, 13, and 22 of the Alabama Constitution.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

To permit the imposition of punitive damages against Defendants on a joint and several liability basis would violate this Defendant's rights under the Eighth Amendment to the United States Constitution and Article 1, § 15 of the Alabama Constitution in that the award imposes an excessive fine against joint tortfeasors without any consideration being allowed to be given by the jury to the degree of culpability each Defendant had, if any.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

The imposition of an award of punitive damages against  Defendants on a joint and several liability basis would violate this Defendant's rights to due process and equal protection of the laws under the Fifth and Fourteenth Amendment to the Constitution of the United States, and Article 1, §§ 1, 6, 13 and 22 of the Constitution of Alabama, in that:

a.      It operates to create an arbitrary and capricious method and manner for the jury's assessment and determination of damages, without regard for the quality and quantity of culpability of other Defendants joined in one action.

15

b.    Defendant is denied a fair opportunity to have the jury assess damages based on each Defendant's culpability for negligence which cannot be segregated from allegations of negligence against other Defendants.

c.    In failing to provide for joint contribution and an apportionment of damages among Defendants, this Defendant is deprived of property without due process of law contrary to the Fifth and Fourteenth Amendments to the Constitution of the United States, and specifically to those portions thereof proscribing any state from depriving any person of property without due process of law

d.    In failing to provide for joint contribution and an apportionment of damages among Defendants, this Defendant is deprived of property without due process of law contrary to Article 1, § 6 of the Constitution of Alabama which provides that no person shall be deprived of property except by due process of law.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

To permit the imposition of punitive damages against the Defendant on a joint and several liability basis would deprive this Defendant of its rights to due process of law and equal protection of the law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and Article 1, §§ 1, 6, 13 and 22 of the Alabama Constitution by allowing punitive damages to be assessed and imposed based on the conduct of persons or entities other than the Defendant or the Defendant's agents or employees

16

and/or without apportionment of damages based on the degree of culpability of the Defendant, if any.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages against this Defendant cannot be upheld, because any award of punitive damages under Alabama law without bifurcating the trial of all punitive damages would violate Defendant's due process rights guaranteed by the United States Constitution and the Alabama Constitution.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Punitive damages are a form of criminal or quasi-criminal sanctions. Therefore, Plaintiff's claim for punitive damages cannot be upheld, because an award of punitive damages without the same protections that are accorded criminal Defendants, including, but not limited to, protection against searches and seizures, double jeopardy and self-incrimination and the rights to confront adverse witnesses, to proof by evidence beyond a reasonable doubt, and to a speedy trial would violate this Defendant's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article 1, §§ 1, 5, 6, 7, 9, 11, 13 and 22 of the Alabama Constitution. These rights will be violated unless this Defendant is afforded the safeguards guaranteed by these provisions, including, but not limited to, the right to separate trials if requested by Defendant for the determination of liability for compensatory and punitive damages, as well as for the determination of the amount of punitive damages, if any.

{B0552241}

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover punitive damages against this Defendant because such an award, which is penal in nature, would violate the Defendant's constitutional rights protected under the Alabama Constitution of 1901, as amended in the Constitution of the United States, unless Defendant is afforded the same procedural safeguards as are criminal Defendants, including, but not limited to, the right to avoid self incrimination, the right to forego production and disclosure of incriminating documents.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

The claims of Plaintiff for punitive damages against this Defendant cannot be upheld, because an award of punitive damages under Alabama law for the purpose of compensating Plaintiff for elements of damage not otherwise recognized by Alabama law would violate this Defendant's due process rights guaranteed by the United States Constitution and by the due process provisions of the Alabama Constitution.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

The claims of Plaintiff for punitive damages against this Defendant cannot be upheld to the extent they are based on purported activities in other states (1) which may not violate the laws of those other states or (2) for which no evidence is presented establishing that the activities violate the laws of those other states; to do so would violate Defendant's rights under the Alabama Constitution and the United States Constitution.

18

{B0552241}

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive damages in this case is unconstitutional in that it seeks to punish this Defendant for, and deter this Defendant from, lawful conduct occurring outside the state of Alabama and hence violates fundamental and long-standing principles of state sovereignty and community. State Farm Mut. Auto. Ins. Co. v. Campbell, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (April 7, 2003).

## FORTIETH AFFIRMATIVE DEFENSE

The claims of Plaintiff for punitive damages against this Defendant cannot be upheld to the extent they are a violation of any law passed by the United States Congress or the Alabama Legislature limiting awards of punitive damages.

## FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages cannot be upheld to the extent it violates or contravenes the holding of the United States Supreme Court in ruling on the case of BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), and  Cooper Indus., Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 121 S.Ct. 1678, 149 L.Ed.2d 674 (2001).

## FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages cannot be upheld based on the opinion of the United States Supreme Court in BMW of North America, Inc. v. Gore, 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996), in which the Court determined that the provisions of Alabama law governing the right to recover punitive damages or the determination of the amount of punitive damages violate a Defendant's rights provided

19

by the United States Constitution. *See also*, <u>Cooper Indus., Inc. v. Leatherman Tool Group, Inc.</u>, 532 U.S. 424, 121 S.Ct. 1678, 149 L.Ed.2d 674 (2001).

## FORTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages cannot be upheld under <u>BMW of North America, Inc. v. Gore</u>, 517 U.S. 559, 116 S. Ct. 1589, 134 L.Ed.2d 809 (1996), to the extent it is not based on the least drastic remedy or lowest amount of punitive damages that could be expected to insure that this Defendant will more fully comply with this state's laws in the future.

## FORTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's demand for punitive damages violates the due process clause of the Fourteenth Amendment in that the Plaintiff's claim for punitive damages is not necessary to vindicate the state's interest in punishing this Defendant and deterring this Defendant from future misconduct.  <u>State Farm Mut. Auto. Ins. Co. v. Campbell</u>, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (April 7, 2003).

## FORTY-FIFTH AFFIRMATIVE DEFENSE

That the Defendants have been improperly joined.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

That Lyndon Property neither owed or breached a duty to Plaintiff.

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

That Lyndon Property has not breached any contract with Plaintiff.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

That no policy of insurance was ever issued by Lyndon Property to Plaintiff.

## FORTY-NINTH AFFIRMATIVE DEFENSE

That Lyndon Property reserves the right to assert any additional affirmative defenses that may be discovered during the course of additional investigation and discovery.

## ANSWER

Unless specifically admitted below, Lyndon Property denies all material averments and allegations set forth within the Complaint.

1.      Lyndon Property admits that a Recreational Vehicle Service Agreement was issued to a Mr. Troy Newton.  Lyndon Property denies any and all remaining allegations contained in paragraph one (1) of the Complaint and demands strict proof thereof.

2.      Lyndon Property is without sufficient knowledge at this time to admit or deny the truth of the allegations contained in paragraph two (2) of the Complaint and, therefore, must deny the same and demand strict proof thereof.

3.      Lyndon Property admits that it is a corporation with offices in St. Louis, Mo.  Lyndon Property further admits that National Warranty's "obligations under this Service Agreement… are insured by an insurance policy issued by the Lyndon Property Insurance Company."  Lyndon Property denies any and all remaining allegations contained in paragraph three (3) of the Complaint and demands strict proof thereof.

{B0552241}

4.     Lyndon Property is without sufficient knowledge at this time to admit or deny the truth of the allegations contained in paragraph four (4) of the Complaint and, therefore, must deny the same and demand strict proof thereof.

5.     Lyndon Property is without sufficient knowledge at this time to admit or deny the truth of the allegations contained in paragraph five (5) of the Complaint and, therefore, must deny the same and demand strict proof thereof.

6.     Lyndon Property is without sufficient knowledge at this time to admit or deny the truth of the allegations contained in paragraph six (6) of the Complaint and, therefore, must deny the same and demand strict proof thereof.

7.     Lyndon Property admits the truth of the allegations contained in paragraph seven (7) of the Complaint.

8.     Lyndon Property admits that Plaintiff purchased a Recreational Vehicle Service Agreement from National Warranty to cover Plaintiff's motor home and the purchase price was $4,486.00.  Lyndon Property submits that the written document speaks for itself.  Lyndon Property denies any and all remaining allegations contained in paragraph eight (8) of the Complaint to the extent they deviate from the provisions of the warranty agreement and demands strict proof thereof.

{B0552241}

9.    Lyndon Property is without sufficient knowledge at this time to admit or deny the truth of the allegations contained in paragraph nine (9) of the Complaint and, therefore, must deny the same and demand strict proof thereof.

10.    Lyndon Property is without sufficient knowledge at this time to admit or deny the truth of the allegations contained in paragraph ten (10) of the Complaint and, therefore, must deny the same and demand strict proof thereof.

11.    Lyndon Property is without sufficient knowledge at this time to admit or deny the truth of the allegations contained in paragraph eleven (11) of the Complaint and, therefore, must deny the same and demand strict proof thereof.

12.    Lyndon Property is without sufficient knowledge at this time to admit or deny the truth of the allegations contained in paragraph twelve (12) of the Complaint and, therefore, must deny the same and demand strict proof thereof.

13.    Lyndon Property admits that Plaintiff made a claim on his policy.  Lyndon Property denies any and all remaining allegations contained in paragraph thirteen (13) of the Complaint and demands strict proof thereof.

14.    Lyndon Property is without sufficient knowledge at this time to admit or deny the truth of the allegations contained in paragraph fourteen (14) of the Complaint and, therefore, must deny the same and demand strict proof thereof.

15.     Lyndon Property is without sufficient knowledge at this time to admit or deny the truth of the allegations contained in paragraph fifteen (15) of the Complaint and, therefore, must deny the same and demand strict proof thereof.

16.     Lyndon Property is without sufficient knowledge at this time to admit or deny the truth of the allegations contained in paragraph sixteen (16) of the Complaint and, therefore, must deny the same and demand strict proof thereof.

## COUNT I
## BREACH OF WARRANTY AND CONTRACT

17.     Lyndon Property adopts and incorporates its responses to paragraphs one (1) through sixteen (16) the same as if set forth fully herein.

18.     Lyndon Property admits that Plaintiff purchased a Recreational Vehicle Service Agreement from National Warranty to cover Plaintiff's motor home.   The Recreational Vehicle Service Agreement speaks for itself.  Lyndon Property denies any and all remaining allegations contained in paragraph eighteen (18) of the Complaint and demands strict proof thereof.

19.     Lyndon Property is without sufficient knowledge at this time to admit or deny the truth of the allegations contained in paragraph one (19) of the Complaint and, therefore, must deny the same and demand strict proof thereof.

20.     Lyndon Property denies the truth of the allegations contained in paragraph twenty (20) of the Complaint and demands strict proof thereof.

24

21.    Lyndon Property denies the truth of the allegations contained in paragraph twenty-one (21) of the Complaint and demands strict proof thereof.  Lyndon Property further denies that Plaintiffs have suffered any injury or damage whatsoever and denies that Plaintiffs are entitled to any relief, judgment or damages and demands strict proof thereof.

## COUNT II
## FRAUDULENT INDUCEMENT

22.    Lyndon Property adopts and incorporates its responses to paragraphs one (1) through twenty-one (21) the same as if set forth fully herein.

23.    Lyndon Property denies the truth of the allegations contained in paragraph twenty-three (23) of the Complaint and demands strict proof thereof.

24.    Lyndon Property denies the truth of the allegations contained in paragraph twenty-four (24) of the Complaint and demands strict proof thereof.  Lyndon Property further denies that Plaintiffs have suffered any injury or damage whatsoever and denies that Plaintiffs are entitled to any relief, judgment or damages and demands strict proof thereof.

## COUNT III
## BAD FAITH

25.    Lyndon Property adopts and incorporates its responses to paragraphs one (1) through twenty-four (24) the same as if set forth fully herein.

{B0552241}

26.    Lyndon Property denies the truth of allegations contained in paragraph twenty-six (26) of the Complaint and demands strict proof thereof.

27.    Lyndon Property denies the truth of allegations contained in paragraph twenty-seven (27) of the Complaint and demands strict proof thereof.

28.    Lyndon Property denies the truth of the allegations contained in paragraph twenty-eight (28) of the Complaint and demands strict proof thereof.

29.    Lyndon Property denies the truth of the allegations contained in paragraph twenty-nine (29) of the Complaint and demands strict proof thereof.  Lyndon Property further denies that Plaintiffs have suffered any injury or damage whatsoever and denies that Plaintiffs are entitled to any relief, judgment or damages and demands strict proof thereof.

## COUNT IV
## MISREPRESENTATION

30.    Lyndon Property adopts and incorporates its responses to paragraphs one (1) through twenty-nine (29) the same as if set forth fully herein.

31.    Lyndon Property denies the truth of the allegations contained in paragraph thirty-one (31) of the Complaint and demands strict proof thereof.

32.    Lyndon Property denies the truth of the allegations contained in paragraph thirty-two (32) of the Complaint and demands strict proof thereof.  Lyndon Property

26

further denies that Plaintiffs have suffered any injury or damage whatsoever and denies that Plaintiffs are entitled to any relief, judgment or damages and demands strict proof thereof.

## COUNT V
## NEGLIGENCE/WANTONNESS

33.   Lyndon Property adopts and incorporates its responses to paragraphs one (1) through thirty-two (32) the same as if set forth fully herein.

34.   Lyndon Property denies the truth of the allegations contained in paragraph thirty-four (34) of the Complaint and demands strict proof thereof.

35.   Lyndon Property denies the truth of the allegations contained in paragraph thirty-five (35) of the Complaint and demands strict proof thereof.  Lyndon Property further denies that Plaintiffs have suffered any injury or damage whatsoever and denies that Plaintiffs are entitled to any relief, judgment or damages and demands strict proof thereof.

Dated this the  1st  day of December, 2005.

                    /s/ Anthony C. Harlow
                    W. MICHAEL ATCHISON
                    Bar No.:  ASB-4005-T75W
                    ANTHONY C. HARLOW
                    Bar No: ASB-5692-W74A
                    G. MATTHEW KEENAN
                    Bar No.:  ASB-4664-G63K
                    Attorneys for Lyndon Property of Florida, Inc.,
                    Lyndon Property Insurance Co., Inc., Chris
                    Chisam, Centro Inspection Agency and Ronald
                    Becker

27

STARNES & ATCHISON LLP
Seventh Floor, 100 Brookwood Place
Post Office Box 598512
Birmingham, Alabama, 35259-8512
(205) 868-6000

## CERTIFICATE OF SERVICE

I do hereby certify that on December 1, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jeffrey C. Kirby
PITTMAN, HOOKS, DUTTON
  KIRBY & HELLUMS, P.C.
1100 Park Place Tower
2001 Park Place North
Birmingham, Alabama  35203
(205) 322-8880

Respectfully submitted,

        /s/ Anthony C. Harlow
Anthony C. Harlow
Bar Number: ASB-5692-W74A
STARNES & ATCHISON LLP
Seventh Floor, 100 Brookwood Place
Post Office Box 598512
Birmingham, Alabama, 35259-8512
Telephone: (205) 868-6000
Facsimile: (205) 868-6099
e-mail: ach@starneslaw.com

{B0552241}