IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 NOV 23 P 3: 09
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| TROY D. NEWTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| NATIONAL WARRANTY OF FLORIDA, ) | CIVIL ACTION NO. CV-_____ |
| INC.; LYNDON PROPERTY INSURANCE ) | 05-1126 |
| CO., INC.; CHRIS CHISM; CENTRO ) | |
| INSPECTION AGENCY; RONALD ) | |
| BECKER; and FICTITIOUS ) | |
| DEFENDANTS 1-13, ) | |
| ) | |
| Defendants. ) | |

## JOINT NOTICE OF REMOVAL

COME NOW, Defendants National Warranty of Florida, Inc. ("National Warranty"), Lyndon Property Insurance Co., Inc. ("Lyndon Property"), Chris Chisam, incorrectly designated in the Complaint as "Chris Chism," Centro Inspection Agency and Ronald Becker and file this Notice of Removal of this case from the Circuit Court of Montgomery County, Alabama, where it is now pending, to the United States District Court for the Middle District of Alabama, Northern Division. As grounds for the removal of this action, the Defendants state as follows:

1. This action was commenced against Defendants in the Circuit Court of Montgomery County, Alabama, on October 11, 2005. Lyndon Property was served with a copy of the Summons and Complaint on October 24, 2005, which was the first date on which any of the Defendants had actual notice of this action. Centro Inspection Agency

was also served on October 24, 2005. National Warranty, Chris Chisam and Ronald Becker were served on October 25, 2005. Copies of the Summonses and Complaint, along with copies of all process, pleadings, and orders served on the Defendants in the action to date are attached as "Exhibit 1."

2. Removal of this case is timely, as this notice was filed within thirty (30) days after receipt of notice by Lyndon Property of the Summons and Complaint.

**I.    Jurisdiction**

3. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332 (diversity). Although diversity does not exist on the face of the Complaint, this is because Defendant Ronald Becker has been fraudulently joined. As such, complete diversity of citizenship exists amongst the proper parties.

4. This case arises out of the alleged improper denial of coverage pursuant to a "warranty and/or recreational vehicle service agreement" purchased by Plaintiff. (Exh. 1, Complaint ¶ 8). Plaintiff alleges that on October 10, 2003, he "purchased a used 1996 Allegro Motor Home … from Lazydays RV Center in Seffner, Florida." (*Id.* ¶ 7). That same day "Plaintiff purchased a warranty and/or recreational vehicle service agreement policy through National Warranty of Florida, Inc. for $4,486.00." (*Id.* ¶ 8). Plaintiff contends the warranty "was a policy to be paid in the event of a mechanical breakdown" of the motor home. (*Id.*). Plaintiff contends that on August 6, 2004, he notified National Warranty and Lyndon Property that his motor home had cylinder and engine failure. Plaintiff further contends that after an independent inspection of the vehicle, National

2

{B0549916}

Warranty denied the claim "due to lack of maintenance and owner negligence." (*Id.* ¶ 14-16). As such, Plaintiff's Complaint is based solely upon the alleged denial of coverage under the "warranty and/or recreational vehicle service agreement" at issue.

5. Plaintiff, in addition to claims for breach of warranty and contract and for bad faith, asserts causes of action against Defendants for fraudulent inducement, misrepresentation and for "negligently or wantonly handl[ing] the claims made by plaintiff." (Exh. 1, Complaint, Counts One through Five). Plaintiff, in an attempt to circumvent federal diversity jurisdiction, has asserted claims for bad faith and "negligently or wantonly handl[ing] the claims made by plaintiff" against independent contractor Mr. Becker. (*Id.* at Counts Three and Five).

6. Plaintiff not only seeks to recover compensatory damages in each of the five counts of his Complaint but demands judgment against Defendants "for exemplary damages in an amount which will adequately reflect the wrongfulness of defendants' conduct" for each of the counts in the Complaint. (*Id.* ¶¶ 21, 24, 29, 32 and 35). Nowhere in the Complaint does Plaintiff attempt to limit the total amount sought to less than $75,000.00.

II. **Diversity Jurisdiction**

7. Diversity jurisdiction exists because Plaintiff has failed to state a cause of action against Mr. Becker. Therefore, Mr. Becker has been fraudulently joined and his citizenship must be disregarded for diversity purposes.

3

{B0549916}

A. **Parties - Becker Has Been Fraudulently Joined**

8. Complete diversity of citizenship exists between the parties that are properly joined in this matter. Plaintiff is now and was at the time of the filing of the Complaint and during all times intervening, an Alabama resident. (*Id.* ¶ 1). National Warranty's principal place of business is in Denver, Colorado. (*Id.* ¶ 2). Lyndon Property's principal place of business is in St. Louis, Missouri. (*Id.* ¶ 3). Chris Chisam is a resident of Colorado. (Affidavit of Chris Chisam, ¶ 2, attached as Exhibit 2). Centro Inspection Agency's principal place of business in Lincroft, New Jersey. (Exh. 1, Complaint ¶ 5). Thus, complete diversity exists between Defendants and Plaintiff.

9. The citizenship of Mr. Becker must be disregarded, because he has been fraudulently joined in this action. Stated simply, there is no possibility based upon the allegations in the Complaint that Plaintiff can maintain a cause of action against Mr. Becker. In these circumstances, it is well settled that an action is removable if the joinder of the non-diverse party is fraudulent. *See Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998) (*citing Tapscott v. M.S. Dealer Service Corp.*, 77 F.3d 1353, 1359 (11th Cir. 1996)).

10. There are three situations under which joinder of a non-diverse defendant can be fraudulent:

> The first is when there is no possibility that the plaintiff can prove a cause of action against the resident (non-diverse) defendant. The second is when there is outright fraud in the pleading of jurisdictional facts. Third ... , where a diverse defendant is joined with a non-diverse defendant as to whom there is no joint, several or alternative liability where the claim

4

against the diverse defendant has no real connection with the claim against the non-diverse defendant.

*Triggs*, 154 F.3d at 1287 (internal citations omitted).

11.     Plaintiff purports to state five claims in his Complaint: breach of warranty and contract, bad faith, fraudulent inducement, misrepresentation and a claim for "negligently or wantonly handl[ing] the claims made by plaintiff." (Exh. 1, Complaint, Counts One through Five). Plaintiff, however, seeks only to recover for bad faith and for "negligently or wantonly handl[ing] the claims made by plaintiff" against Mr. Becker. (*Id.* at Counts Three and Five).

12.     However, Mr. Becker has nothing to do with Plaintiff's claims. Mr. Becker is an independent inspector. (Affidavit of Ronald Becker, ¶ 3, attached as Exhibit 3). Plaintiff himself designates Mr. Becker's actions as those of an independent inspector. (Exh. 1, Complaint, ¶ 14). Moreover, Mr. Becker does not process or adjudicate claims. (Exh. 3, Becker Affidavit, ¶ 6).

13.     Regardless of how Plaintiff has attempted to designate the causes of action in his Complaint, Plaintiff's claims are based solely on the alleged denial of Plaintiff's claims. Plaintiff has asserted conclusory causes of action against Mr. Becker, because he is a resident of Alabama, in an attempt to avoid this Court's diversity jurisdiction.

14.     A simple review of the allegations in Plaintiff's Complaint shows that Plaintiff's claims are predicated upon an alleged breach of the "warranty and/or recreational vehicle service agreement" policy and a denial of coverage—neither of which Mr. Becker, as an independent contractor, can be held responsible. *See Ligon*

5

*Furniture Co., Inc. v. O.M. Hughes Ins., Inc.*, 551 So. 2d 283, 285 (Ala. 1989) (finding that agent and adjuster were not liable for a breach of contract claim because they were not a party to the plaintiff's insurance contract with the insurer); *Owens v. Life Ins. Co. of Ga.*, 289 F. Supp. 2d 1319, 1324 (M.D. Ala. 2003) (finding that agent "is not a proper defendant for Plaintiff's breach of contract claim"); *Bullock v. United Benefit Ins. Co.*, 165 F. Supp. 2d 1255 (M.D. Ala. 1999). Plaintiff, in his Complaint, states:

> …[Plaintiff] was told [by Chris Chisam] that he was being denied coverage due to lack of maintenance and owner negligence.
>
> ***
>
> The defendants … breached their agreement with the plaintiff pursuant to the above-stated warranty and/or recreational vehicle service agreement policy by failing and refusing to pay all warranty and/or recreational vehicle service agreement policy claims for the mechanical breakdown and full reimbursement and other payments associated with the claim as required under said warrant and/or recreational vehicle service agreement policy.

(Exh. 1, Complaint, ¶¶ 16 and 20).

15. Plaintiff's intent and basis for his Complaint is further evidenced by Plaintiff's allegations against Mr. Becker. Plaintiff states that along with the other Defendants, Becker:

> …had a duty imposed by law to exercise good faith and fair dealing in the performance of the contractual obligations under the terms of the aforesaid policy of insurance.
>
> ***
>
> …had a duty not to willfully and maliciously deny insurance coverage….
>
> ***
>
> …negligently or wantonly handled the claims made by plaintiff, by failing to follow generally accepted guidelines for the processing of such claims.

(*Id.* ¶¶ 26, 27 and 34).

{B0549916}

16. Clearly, Plaintiff's claims focus on the alleged denial of benefits under the policy at issue. Even the claims asserted against Mr. Becker refer and rely upon the alleged denial of Plaintiff's claim. The joinder of Mr. Becker is unnecessary and simply an attempt by Plaintiff to circumvent this Court's jurisdiction. As a result, the claims against Mr. Becker should be dismissed and citizenship should be disregarded because he has been fraudulently joined.

17. Moreover, Plaintiff cannot maintain the causes of action asserted against Mr. Becker in the Complaint. First, Plaintiff's claim for bad faith is due to be dismissed. (*Id.* ¶ 26). Plaintiff alleges that Mr. Becker "had a duty imposed by law to exercise good faith and fair dealing in the performance of the contractual obligations under the terms of the aforesaid policy of insurance." (*Id.*). No such duty exists except as to a party to an insurance contract. *See Ligon Furniture Co., Inc. v. O.M. Hughes Ins., Inc.*, 551 So. 2d 283, 285 (Ala. 1989). Mr. Becker was not a party to the contract in question, that is the agreement between Plaintiff and National Warranty for warranty protection of the motor home. Mr. Becker is an independent contractor who was hired to inspect Plaintiff's motor home ten months after the contract in question was created. Furthermore, Plaintiff has the burden of showing the existence of an insurance contract between him and Mr. Becker. *See Williams v. State Farm Mut. Auto. Ins. Co.*, 886 So. 2d 72, 75-76 (Ala. 2003). Plaintiff has no evidence of this. Therefore, Plaintiff cannot maintain a claim for bad faith against Mr. Becker.

18.     Second, Plaintiff's claim against Mr. Becker for "negligently or wantonly handl[ing] the claims made by plaintiff" is due to be dismissed. (Exh. 1, Complaint ¶ 34). Alabama does not "recognize a cause of action for the negligent handling of insurance claims." *Kervin v. S. Guar. Ins. Co.*, 667 So. 2d 704, 706 (Ala. 1995) (citing *Pate v. Rollison Logging Equip., Inc.*, 628 So. 2d 337 (Ala. 1993); *Armstrong v. Life Ins. Co. of Va.*, 454 So. 2d 1377, 1380 (Ala. 1984) *overruled on other grounds, Hickox v. Stover*, 551 So. 2d 259, 264 (Ala. 1989); *Chavers v. National Security Fire & Casualty Co.*, 405 So. 2d 1, 5 (Ala. 1981); *Calvert Fire Ins. Co. v. Green*, 180 So. 2d 269 (Ala. 1965)). Moreover, Mr. Becker did not process or handle the Plaintiff's claim and had no duty whatsoever to do so. Further, Plaintiff has failed to provide any examples of Mr. Becker's alleged negligence or wantonness. Plaintiff has not cited to a single breach of Mr. Becker's alleged duty "to follow generally accepted guidelines for the processing of such claims." *See Crowne Investments, Inc. v. Bryant* 638 So. 2d 873, 878-79 (Ala. 1994) (failure to procure claim dismissed because plaintiffs failed to allege any facts proving the agent's negligence). Mr. Becker does not have anything to do with processing insurance claims. (Exh. 3, Becker Affidavit, ¶ 6). Therefore, Plaintiff cannot maintain a claim against Mr. Becker for his alleged "negligent[] or wanton[] handl[ing] [of] the claims made by plaintiff."

19.     Because Plaintiff's Complaint is based solely on the alleged denial of coverage and Plaintiff's inability to assert and/or maintain a cause of action against

Becker, complete diversity of citizenship exists because Becker has been fraudulently joined.

B. **Amount in Controversy**

20. When Plaintiff does not plead a "specific amount of damages," a defendant must only demonstrate by a "preponderance of the evidence" that the requisite amount in controversy is present. *Kirkland v. Midland Mortgage. Co.*, 243 F.3d 1277, 1281 (11th Cir. 2001).

21. The warranty and/or recreational vehicle service agreement at issue was purchased by the Plaintiff for $4,486.00. Invoices submitted to National Warranty to repair the engine problems referenced by the Plaintiff in his Complaint amounted to a total of $8,873.94. (Affidavit of Jennifer Shaw, ¶ 5, attached as Exhibit 4). The purchase price of the motor home was $70,713.00. Plaintiff is not only seeking to recover the proceeds from the warranty at issue, but also "exemplary damages in an amount which will adequately reflect the wrongfulness of defendants' conduct." (Exh. 1, Complaint ¶¶ 21, 24, 29, 32 and 35). As result, Plaintiff has clearly put at issue in excess of $75,000.00. Moreover, Plaintiff has not attempted to limit or cap his damages.

22. It is well-settled that "when determining the jurisdictional amount in controversy in diversity cases, punitive damages must be considered unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987). In this matter, Plaintiff has plead causes of action that allow for the recovery of punitive damages under Alabama law. As a result,

{B0549916}

punitive damages must be considered when this Court determines the amount in controversy. *See Fuller v. Exxon Corp.*, 78 F. Supp. 2d 1289, 1295 (S.D. Ala. 1999) (stating that because the plaintiffs "seek punitive damages on behalf of themselves and the putative class for ... wantonness, and ... breach of fiduciary duty ... Alabama law permits an award of punitive damage under each of these theories. The Court may therefore consider these punitive damages claims in ascertaining whether the amount in controversy exceeded $75,000.00.") (citations omitted).

23. In this case, Plaintiff advance causes of action that, under Alabama law, may allow for an award of punitive damages. It is a fact that large amounts of punitive damages are awarded even in disputes involving relatively modest sums.

24. For example, in *Foremost Insurance Company v. Parham*, 693 So.2d 409 (Ala. 1997), the plaintiff alleged wrong-doing regarding an insurance policy. Compensatory damages were less than $2,000.00 per plaintiff. The jury awarded each plaintiff $750,000.00 in punitive damages. The Alabama Supreme Court remitted the awards to $175,000.00 and $173,000.00. *See also Liberty Nat'l Life Ins. Co. v. White*, 797 So. 2d 452, 455-57 (Ala. Civ. App. 1999) (The jury awarded $1,350.00 in compensatory and $200,000.00 in punitive damages. The trial court remitted the punitive damages to $150,000.00 and the Alabama Court of Civil Appeals affirmed the award.); *Union Sec. Life Ins. Co. v. Crocker*, 709 So. 2d 1118 (Ala. 1997) (Plaintiff alleged out-of-pocket losses were less than $2,000.00 in an insurance policy dispute. The jury awarded damages of $2,000,000.00 but the Alabama Supreme Court remitted the award to

$1,000,000.00); *Life Ins. Co. of Georgia v. Johnson*, 701 So. 2d 524 (Ala. 1997)(The economic loss to plaintiff was $3,132.00. The jury awarded $15,000,000.00 in punitive damages, but the verdict was reduced to $3,000,000.00 after appeal.); *Life Ins. Co. of Georgia v. Parker*, 706 So. 2d 1108 (Ala. 1997) (Plaintiff's compensatory damages were $4,276.00. The jury awarded $200,000.00 in punitive damages, but the verdict was later reduced to $150,000.00). Therefore, Plaintiff puts at issue an amount that exceeds the Court's jurisdictional minimum.

## **CONCLUSION**

25. Complete diversity of citizenship exists between the proper parties to this action. The citizenship of Mr. Becker must be disregarded because he has been fraudulently joined as Plaintiff has no possibility of stating a case against him. Moreover, Plaintiff's Complaint is based solely upon the alleged denial of coverage. As such, the joinder of Mr. Becker is not only fraudulent, but unnecessary.

26. Moreover, as demonstrated, Plaintiff has put in controversy an amount in excess of $75,000.00. As such, this Court possesses jurisdiction of this action pursuant to 28 U.S.C. § 1332(a).

27. A true and correct copy of this Notice of Removal has been filed with the Circuit Court of Montgomery County, Alabama.

28. All Defendants consent to and join in this Notice of Removal.

29. Defendants respectfully request the opportunity to brief and argue before the Court any issue or question concerning the removal of this case, in the event that remand is sought by Plaintiff or otherwise visited by the Court.

WHEREFORE, PREMISES CONSIDERED, the Defendants National Warranty, Lyndon Property, Chris Chisam, Centro Inspection Agency and Ronald Becker remove the above-referenced case now pending in the Circuit Court of Montgomery County, Alabama to the United States District Court for the Middle District of Alabama, Northern Division.

Dated this the 23rd day of November, 2005.

_____
W. MICHAEL ATCHISON
Bar No.: ASB-4005-T75W
ANTHONY C. HARLOW
Bar No: ASB-5692-W74A
G. MATTHEW KEENAN
Bar No.: ASB-4664-G63K
Attorneys for National Warranty of Florida, Inc., Lyndon Property Insurance Co., Inc., Chris Chisam, Centro Inspection Agency and Ronald Becker
STARNES & ATCHISON LLP
Seventh Floor, 100 Brookwood Place
Post Office Box 598512
Birmingham, Alabama, 35259-8512
(205) 868-6000

{B0549916}

## CERTIFICATE OF SERVICE

I do hereby certify that I have caused a copy of the foregoing pleading to be mailed to counsel for all parties to this action on this the 23rd day of November, 2005.

Jeffrey C. Kirby
PITTMAN, HOOKS, DUTTON
  KIRBY & HELLUMS, P.C.
1100 Park Place Tower
2001 Park Place North
Birmingham, Alabama  35203
(205) 322-8880

Respectfully submitted,

_____
Anthony C. Harlow
Bar Number: ASB-5692-W74A
STARNES & ATCHISON LLP
Seventh Floor, 100 Brookwood Place
Post Office Box 598512
Birmingham, Alabama, 35259-8512
Telephone: (205) 868-6000
Facsimile: (205) 868-6099
e-mail: ach@starneslaw.com

13

{B0549916}